1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ORLONZO HEDRINGTON,                    No.  2:24-cv-01224-DAD-SCR

12              Plaintiff,

13         v.                                ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14    UNITED STATES OF AMERICA, et al.,

15              Defendants.

16

17         Plaintiff Orlonzo Hedrington is proceeding pro se in this action, which was referred to the

18    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19    before the Court are Defendants' three motions to dismiss (ECF Nos. 13, 20, and 36), and

20    Plaintiff's six miscellaneous motions (ECF Nos. 10, 24, 28, 31, 43, and 44).  For the reasons

21    stated below, the Court will recommend that Defendants' motions to dismiss be granted and the

22    action be dismissed without leave to amend.

23                        **Background and Procedural History**

24         Plaintiff commenced this action on April 26, 2024, by filing a complaint ("Complaint")

25    and paying the applicable filing fee.  ECF No. 1.  The Complaint named as Defendants the United

26    States of America, the Fairfield Police Department, and the County of Solano.  ECF No. 1.

27    Plaintiff alleged he was drugged and assaulted at the David Grant Medical Center.  ECF No. 1 at

28    2.  The complaint also alleged that the events occurred in the County of Los Angeles and the

1

1    proper venue was the Central District of California.[1]  *Id*.  This case was originally filed in the

2    Fresno Division, and transferred to the Sacramento Division on April 29, 2024.  ECF No. 5.  On

3    June 3, 2024, Defendant Fairfield Police Department filed a Motion to Dismiss.  ECF No. 13.  On

4    July 3, 2024, Defendant United States of America filed a Motion to Dismiss (ECF No. 20), and

5    the remaining Defendant, Solano County, filed a Motion to Dismiss (ECF No. 36) on September

6    3, 2024.

7         Plaintiff alleges he was "drugged and rapped" (*sic*) at David Grant Medical Center.  ECF

8    No. 1 at 2.  He further alleges that after he "filed his first civil suit he discovered that Dr. Atkins

9    failed to follow the proper procedure to remove the tubes from him after surgery."  *Id.*  Plaintiff

10    appears to allege that Fairfield police officers "refused to reopen and investigate" his case and

11    were part of a "cover up."  *Id.*  Plaintiff also makes conclusory allegations of an unlawful search

12    and seizure.  *Id*. at 5.

13         Plaintiff has filed multiple prior lawsuits about this same alleged incident at David Grant

14    Medical Center.  *See Hedrington v. United States*, No. 1:24-cv-497, 2024 WL 4333281 (E.D. Cal.

15    Sept. 27, 2024) (detailing that Plaintiff "has filed six prior cases concerning the same alleged facts

16    and circumstances, and the trustee of his bankruptcy estate previously filed one such case").  In

17    case number 1:24-cv-497, Judge Sherriff granted the United States' motion to dismiss that action

18    on the basis of sovereign immunity and res judicata.

19                              **ANALYSIS**

20    **I.**      **City of Fairfield's Motion to Dismiss (ECF No. 13)**

21         The City of Fairfield ("City") argues that this action is based on the same factual

22    allegations from an alleged incident in January 2016, and that the action is precluded by res

23    judicata and barred by the statute of limitations.  ECF No. 13 at 2.  The City's motion details that

24    it has been named in three other actions filed by Plaintiff concerning the same allegations about

25    David Grant Medical Center in January 2016.  *Id.* at 7-10.[2]  The City requests the Court take

26

27    [1] Despite Plaintiff's improper allegations of venue, Defendants Fairfield Police Department and
       Solano County are located in the Eastern District of California, as is David Grant Medical Center

28    where the alleged events occurred.  Accordingly, venue is proper.
       [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF

1    judicial notice of records from the prior actions.  *Id*. at 12.  Those records are at ECF No. 13-1.

2    Court filings are a proper subject for judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa*, 442

3    F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters

4    of public record.").

5           The City argues that Plaintiff has alleged an incorrect date in paragraph 1 of the complaint

6    in an attempt to avoid the defenses of res judicata and statute of limitations.  ECF No. 13 at 16

7    ("The date of April 26, 2022, alleged in paragraph 1 of the Operative Complant is not accurate.

8    This Court is well-aware that incident date is January 22, 2016, and this new date is a

9    subterfuge.").  The April 26, 2022 date mentioned in the Complaint is the date of a "deposition

10   hearing," not the date of the alleged assault.  ECF No. 1 at 2.  Although Plaintiff does not plead

11   the January 2016 date of the alleged assault at David Grant Medical Center in the body of the

12   Complaint, it is clear that is the date of the incident based on an attachment to the Complaint,

13   Plaintiff's other filings in this case, and Plaintiff's allegations in other cases.  For example, the

14   attachment to the Complaint (ECF No. 1 at 10) complains of actions taken on "1/21/16" and

15   "1/22/16."  A brief filed by Plaintiff in this matter confirms the alleged assault occurred in 2016.

16   ECF No. 41 at 3.

17          Further, it has previously been adjudicated that the claims against City are time-barred.

18   *See Hedrington v. David Grant Medical Center*, et al., No. 2:22-cv-0074.  In that case, Judge

19   Barnes in her Findings and Recommendations (ECF No. 62) found the claims were time-barred,

20   and that finding was adopted and judgment entered for the City.  *See* ECF Nos. 74 & 75.  Because

21   42 U.S.C. § 1983 contains no specific statute of limitations, federal courts borrow state statutes of

22   limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174

23   (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-

24   injury actions.").  In California that period of limitations is two years.  *See Holt v. County of*

25   *Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).  This action was filed more than eight years after

26   the alleged assault.  The Court finds the claims against the City are barred by the statute of

27

28   system and not to page numbers assigned by the parties.

1   limitations and Plaintiff is precluded from relitigating the issue.  Accordingly, the Court

2   RECOMMENDS the City's motion be GRANTED.

3   **II.       United States' Motion to Dismiss (ECF No. 20)**

4          The United States moves to dismiss on the basis of sovereign immunity and res judicata.

5   The United States argues that Plaintiff's § 1983 claims must be dismissed on the basis of

6   sovereign immunity, and that to the extent he is asserting state tort claims, those are barred by res

7   judicata principles.  ECF No. 20-1 at 2-3.  Plaintiff failed to file a timely opposition to the

8   Motion.  *See* LR 230(c) (opposition is due within 14 days after the motion was filed and "failure

9   to file a timely opposition may also be construed by the Court as a non-opposition to the

10  motion.").  Plaintiff filed a response on September 4, 2024, about two months after the Motion

11  was filed.  ECF No. 41.  In his response, Plaintiff argues that there were two different

12  incidents/conduct and res judicata should not apply.  He argues the assault occurred in 2016 and

13  an investigation of the assault occurred in 2017.  *Id.* at 3.

14         Sovereign immunity "shields the Federal Government and its agencies from suit" unless

15  there is an explicit waiver of immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "[T]he terms

16  of the United States' consent to be sued in any court define that court's jurisdiction to entertain

17  the suit." *Id.* (quotations omitted).  Furthermore, it is the plaintiff's burden to identify a waiver of

18  that immunity.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  Plaintiff does not point

19  to any waiver of federal sovereign immunity for his § 1983 claims and the Court is aware of none.

20  Plaintiff's claims against the United States under § 1983 are barred by sovereign immunity.  *See*

21  *Hedrington*, 2024 WL 4333281, at *2-3 (reaching the same conclusion).

22         Plaintiff's claim for intentional infliction of emotional distress ("IIED") is barred by the

23  doctrine of res judicata.[3]  "Res judicata, also known as claim preclusion, bars litigation in a

24  subsequent action of any claims that were raised or could have been raised in the prior action."

25  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  "The doctrine is

26

27  ---
    [3]  The caption of the Complaint lists five claims, and all are federal claims under § 1983.  ECF
28  No. 1.  However, the body of the Complaint contains a "seventh claim" for intentional infliction
    of emotional distress.  ECF No. 1 at 7.

                                                  4

1    applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3)

2    identity or privity between parties.'" *Id.* at 713.

3         First, as Judge Sherriff recently found, the instant case and the prior actions share "an

4    identity of claims" arising from the same transactional nucleus of facts. *Hedrington*, 2024 WL

5    4333281 at *3 (E.D. Cal. Sept. 27, 2024) ("There is an identity of claims here because

6    Hedrington's claims in this case, like the claims in each of his seven prior cases, arise from the

7    alleged sexual assault at David Grant Medical Center."). The Complaint herein, and the

8    complaint in Judge Sheriff's case are very similar, and both include the "seventh claim" for IIED.

9    *Compare* ECF No. 1 in No. 1:24-cv-497 with ECF No. 1 in this action.

10        Second, Plaintiff has brought several prior actions that have reached final judgment. *See*

11   *Hedrington* 2024 WL 4333281 at *3 (discussing final judgment requirement). In *Hedrington v.*

12   *County of Solano*, No. 2:21-cv-00414, judgment was entered in favor of the United States after

13   summary judgment briefing on December 15, 2021 (*See* ECF No. 41 & 42). The required res

14   judicata elements are accordingly present. Plaintiff is precluded from pursuing the IIED claim

15   against the United States.[4]

16        The Court will RECOMMEND the United States' Motion (ECF No. 20) be GRANTED.

17   **III.    Solano County's Motion to Dismiss (ECF No. 36)**

18        Defendant Solano County ("County") moves to dismiss based on failure to state a claim,

19   res judicata, and statute of limitations. ECF No. 36 at 2. For the reasons already discussed with

20   respect to the City and the United States, the Court will recommend the County's Motion be

21   granted as well.

22        As described above, the applicable statute of limitations for a § 1983 action is two years.

23   *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Plaintiff's state law claim for

24   intentional infliction of emotional distress, is also subject to a two-year statute of limitations. *See*

25   *Wassman v. South Orange Community College Dist.,* 24 Cal.App.5th 825, 852-53 (2018)

26   ─────────────────

27   [4] Even if res judicata did not preclude this claim, it would be barred by the two-year statute of
     limitations. *See Soliman v. CVS RX Servs., Inc.*, 570 F.App'x 710, 712 (9th Cir. 2014) ("Under

28   California law, there is a two-year statute of limitations for intentional infliction of emotional
     distress claims.").

5

1    (intentional infliction of emotional distress is two-year statute of limitations, citing Code Civ.

2    Proc. § 335.1).  This action was filed more than 8 years after the January 2016 alleged incident,

3    and is therefore untimely.

4          Hedrington's claims have already been found to be time-barred in prior actions.  *See for*

5    *example Hedrington v. Grant Medical Center, et al.*, No. 2:22-cv-0074, ECF No. 62 at 5 ("while

6    the events at issue occurred in January 2016, this action was not commenced until January of

7    2022, almost 4 years after the running of the statute of limitations") and *Hedrington v. Grant*

8    *Medical Center, et al.*, No. 2:23-cv-0801, ECF No. 53 (finding the City of Fairfield's prior

9    dismissal on statute of limitations was res judicata).

10         Further, the complaint fails to state a claim against County.  In order to state a claim

11   against a municipality, Plaintiff must allege an unconstitutional custom, policy, or practice.  *See*

12   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("[Municipalities and other local

13   government units … [are] among those persons to who § 1983 applies.").  In order to establish

14   liability under *Monell*, "a plaintiff must … establish that the local government had a deliberate

15   policy, custom, or practice that was the moving force behind the constitutional violation they

16   suffered."  *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022).  Plaintiff's Fifth

17   Claim purports to be a *Monell* claim against County, but it does not contain even a conclusory

18   allegation of an unconstitutional policy, custom, or practice.  *Id.* at 7-8.

19         Plaintiff's claims against the County are time barred and he fails to state a claim upon

20   which relief can be granted.  Accordingly, the Court will RECOMMEND the County's Motion to

21   Dismiss (ECF No. 36) be GRANTED.

22   **IV.    Plaintiff's Miscellaneous Motions**

23       **A.  Motion for Recusal (ECF No. 10)**

24         The motion for recusal is captioned as a request to recuse Magistrate Judge Barnes, and

25   the body of the motion also seeks the recusal of District Judge Mueller.  This case is not assigned

26   to either Judge Mueller or now retired Judge Barnes.  The matter was assigned to District Judge

27   Drozd on April 29, 2024 (ECF No. 7), before Plaintiff's motion for recusal was filed on May 17,

28   2024.  The Court recommends the Motion be DENIED AS MOOT.

1   **B.  Request for Scheduling Conference (ECF No. 24)**

2   Plaintiff requests a scheduling conference, and to be allowed to file documents in Fresno.

3   This Motion is DENIED.

4   **C.  Motion for Extension of Time (ECF No. 28)**

5   This Motion is difficult to decipher.  It is captioned as seeking additional time "for U.S.

6   America" and "For City of Fairfield."  ECF No. 28 at 1.  It seeks additional time to allow "initial

7   disclosures to return" and to "brief and motion papers."  *Id.* at 3.  It may be that Plaintiff sought

8   an extension of time to respond to the Motions to Dismiss filed by City and the United States.

9   Plaintiff has filed untimely responses (ECF Nos. 27 and 41).  The Court GRANTS the Motion to

10  the extent it sought to file untimely responses, and the Court has considered those responses.

11  **D.  Motion for Sanctions (ECF No. 31)**

12  Plaintiff's motion is again difficult to discern, but it appears to generally allege that

13  Defendants were not participating in the discovery process.  Plaintiff's motion sets forth no basis

14  for an imposition of sanctions.  The Motion is DENIED.

15  **E.  Motion for Default Judgment (ECF No. 43)**

16  Plaintiff moves for default judgment against the County and asserts that the County failed

17  to timely answer.  Plaintiff claims that he served the County in May 2024, and that the County did

18  not respond until the filing of the motion to dismiss on September 3, 2024.  ECF No. 43 at 1.

19  Plaintiff has not complied with the proper procedure for obtaining entry of a default judgment.

20  There is no Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a).  In fact, it

21  appears Plaintiff requested the Clerk enter default after he had already moved for default

22  judgment.  ECF No. 51.  The Clerk appropriately declined to enter default against County

23  because County had appeared and moved to dismiss.  ECF No. 52.

24  Even when a defendant's answer is untimely, the court is not required to enter a judgment

25  by default.  Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

26  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

27  against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

28  automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

7

238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Defendant County has appeared and moved to dismiss the Complaint.  The County has not failed to plead or otherwise defend.  As set forth above, the Court has determined that the County has a meritorious defense to the action.  The Court RECOMMENDS the Motion for Default Judgment be denied.

### F.    Motion to Dismiss Request for Judicial Notice (ECF No. 44)

This Motion is again difficult to discern and does not seek clear relief from the Court.  It opens with: "Thanks for your briefings at the Ninth Circuit for the Lack of Jurisdiction, and Exhibits Filed Concurrently.  It triggered Fraud for the very first time and better understanding." ECF No. 44 at 1.  It discusses Plaintiff's prior cases in a confusing manner and concludes by requesting the City's motion be dismissed.  ECF No. 44 at 15.  The Motion is DENIED.

## V.    Leave to Amend

In recommending the Defendants' motions to dismiss be granted, the undersigned has carefully considered whether Plaintiff could amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

The Court recommends that leave to amend be denied.  Plaintiff has filed several lawsuits against these Defendants and prior rulings have found Plaintiff's claims untimely and barred by res judicata.  Plaintiff cannot cure these deficiencies through further amendment.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion for scheduling conference (ECF No. 24) is denied;

2. Plaintiff's motion for extension of time (ECF No. 28) is granted to the extent set forth herein;

3. Plaintiff's motion for sanctions (ECF No. 31) is denied; and

4. Plaintiff's motion to dismiss request for judicial notice (ECF No. 44) is denied.

**IT IS FURTHER RECOMMENDED THAT**:

1. Defendants' Motions to Dismiss (ECF Nos. 13, 20, and 36) be GRANTED and the complaint dismissed without leave to amend.

2. Plaintiff's Motion for Default Judgment (ECF No. 43) be DENIED.

3. Plaintiff's Motion for Recusal (ECF No. 10) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**SO ORDERED**.

DATED: November 1, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE